UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EFREM WALKER,

    Plaintiff,

                                       Case No. 11-13998

v.

                                       Hon. John Corbett O'Meara

CANTON CO.,

    Defendant.
_____/

## ORDER GRANTING PLAINTIFF'S MOTIONS
## TO EXCLUDE DEFENDANT'S EXPERT REPORT
## AND FOR SUMMARY JUDGMENT

Before the court is Plaintiff's motion to exclude Defendant's expert report, filed July 8, 2012. Defendant has not filed a timely response.

Plaintiff Efrem Walker is disabled and uses a wheelchair. He alleges that Defendant's Super 8 motel in Flint, Michigan, contains numerous barriers to access, in violation of Title III of the Americans with Disabilities Act.

Plaintiff seeks to exclude the report submitted by Defendant's expert, William Jarratt. In the report, Jarratt opines that the motel "generally conforms to current ADA standards within acceptable tolerances." Plaintiff contends that Jarratt's report does not meet the requirements under Fed. R. Evid. 702 that it rests on a reliable foundation and is relevant to the task at hand. See Daubert v. Merrell Dow Pharmaceuticals, 509 U.S. 579 (1993); Kumho Tire Co. v. Carmichael, 526 U.S. 137 (1999). Indeed, Jarratt provides no basis or support for the conclusory opinion that various aspects of the motel "conform to current ADA standards within acceptable tolerances." Nor is it clear that Jarratt is qualified to testify regarding whether a property is in

compliance with ADA Accessibility Guidelines.  Given these obvious problems and others detailed in Plaintiff's motion, as well as Defendant's lack of a response, the court finds that Jarratt's report should be excluded.

This result leads the court to reconsider its ruling on Plaintiff's motion for summary judgment, which the court denied on the record on June 28, 2012, based solely on the apparent disagreement between Plaintiff's expert and Defendant's expert as to whether the Flint Super 8 complies with ADA standards.  Without reliable, admissible testimony from Defendant's expert to the contrary, the court must accept the testimony of Plaintiff's expert – who has provided an unchallenged and detailed report –  that the Flint Super 8 does not comply with the ADA. Therefore, the court will grant Plaintiff's motion for summary judgment.

IT IS HEREBY ORDERED that Plaintiff's motion to exclude Defendant's expert report is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's motion for summary judgment is GRANTED.  Plaintiff shall submit a proposed judgment.


                                              s/John Corbett O'Meara
                                              United States District Judge

Date:  August 6, 2012


I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, August 6, 2012, using the ECF system.

                                              s/William Barkholz
                                              Case Manager